FILED
SUPERIOR COURT
OF GUAM

2023 AUG 16 AM 10: 20

CLERK OF COURT

BY:_____



# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>JOSEFINA CRUZ CRUZ,<br><br>Deceased. | Probate Case No. PR0038-18<br><br>**DECISION AND ORDER**<br>**Re: Petition for Confirmation of Sale of**<br>**Estate Property** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on May 11th, 2023 for a hearing on Executor Rudy J. Cruz's ("Executor") Petition for Confirmation of Sale of Estate Property. Attorney William Pole appeared for the Executor. Attorney Louie J. Yanza appeared for Marcia Cruz ("Heir Marcia"). Having considered the arguments and the applicable law, the Court hereby **GRANTS** Executor's Petition for Confirmation of Sale of Estate Property.

## BACKGROUND

This matter involves property that is owned in its entirety by the Estate. The properties are: LOT 2176-3-10 and LOT 2176-3-11, Municipality of Barrigada, Guam. The Estate has a total of ten heirs divided into eight equal shares. The seven surviving children of the Decedent will each receive an equal share of the estate, and the three children of the deceased heir, Dennis W. Cruz, will each receive an equal share of his portion of the estate. Petition for Probate of Will and For Letters Testamentary, Ex. A (Mar. 2, 2018).

Prior to the instant motion, Heir Marcia opened this probate and Heir Marcia and Executor were appointed as co-executors. Am. Order Appointing Co-Executors, Sept. 12, 2018. The co-executors disagreed over many aspects regarding the estate resulting in multiple motions to disqualify each other and requests for orders to show cause. Executor filed a separate civil suit on August 16th, 2019 contesting the actions of Heir Marcia. Superior Court Case CV0997-19. Ultimately, the co-executors reached an agreement on February 7, 2020, that removed Heir Marcia as a co-executrix leaving Executor as executor, and dismissed the separate case, CV0997-18. First Am. Stipulation, Feb. 7, 2020.

On January 19, 2022, Judge Alberto E. Tolentino ordered that the Estate Property could be listed for sale. Decision and Order, Jan. 19, 2022. On November 1, 2022, Executor filed a Petition for Confirmation of Sale of Estate Property ("Petition of Sale"). Heir Marcia filed an objection, which was then subsequently amended ("Amended Opposition"). Additionally, Heir Marcia filed a Petition to Remove Executor and to Appoint a Successor Executor ("Petition to

Remove"). Executor filed an Objection to the Petition to Remove Executor and to Appoint a Successor Executor ("Objection). Heir Marcia filed a reply ("Reply to Objection"). The Court held a hearing on March 30, 2023, where the Court requested documentation of posting of the property on MLS and continued the hearing. Min. Entry, Mar. 30, 2023. On May 11, 2023, the Court held a continued hearing where Heir Marcia withdrew the Petition to Remove, and the Court took the matter of the Petition of Sale under advisement.

## DISCUSSION

The Petition for Sale brought by the Executor asks the Court for the confirmation of sale of the estate property for one million seven hundred thousand dollars ($1,700,000.00). The Executor is petitioning the Court for the sale of property because the relationship between the heirs has deteriorated, and it is impracticable to manage the property. The value of the property would drop and it would become difficult to sell the property should it be held in undivided interests.

The property is the site of Happy Mart in Barrigada and includes a retail space of 10,793 square feet and accompanying storage space situated on a combination of the two lots. Pet. of Sale, Ex A. The retail space is under a leasehold interest to FGC Holdings, Inc. and sub-leased to Jae Hoon Corporation (Tenant) for seven thousand five hundred seventy five thousand ($7,575.00) a month. *Id.* There are currently 12.8 years left on the lease with the rent increasing by five hundred eighty six ($586.00) on June 1, 2025.

This price is within the statutory minimum of ninety percent (90%) of fair market value as established by an appraiser. Pet. for Sale at 1; 15 GCA § 2345. The appraiser, Micronesian Appraisal Associates, Inc., appraised the property at one million seven hundred twenty thousand dollars ($1,720,000.00). Pet. For Sale, Ex. A. At the May 11, 2023 hearing, Executor informed the Court that there will be no commission fees on the property which will save the Estate approximately thirty five thousand dollars ($35,000.00). The Tenant is the proposed buyer and will not have to buy out the lease, unlike any other potential buyer.

Heir Marcia opposes the sale of the estate property on the basis that it does not satisfy 15 GCA § 2311 as a necessary sale. Am. Opp'n, at 2. 15 GCA § 2311(a)-(b) states that "The Executor must justify a sale by establishing necessity:

(a) In selling property of an estate to pay debts, legacies, family allowance or expenses, there shall be no priority as between personal and real property.
(b) When a sale of property of an estate is necessary for any of the purposes set forth in subsection (a) of this Section, or when it is for the advantage, benefit and best interests of an estate and those interested therein that any property of such estate be sold, the personal representative may sell the same, either at public auction or private sale, using his discretion as to which property to sell first, subject to the provisions of Sections 2303 and 2305 of this Title."

Heir Marcia states that all debts have been paid. Am. Opp'n, at 3. Further, "[t]here are no administrative expenses other than real estate taxes, GRTs from the rental income from the Lots, and renewal of the Estate's business license." *Id.* Additionally, Heir Marcia argues that the sale would not benefit the heirs because they would be subject to regular income taxes instead of capital gains taxes, if it was partitioned in kind and each interest was sold by the individual heir. *Id.* at 4-5. Heir Marcia has failed to provide the factual basis and applicable law to assist the Court in understanding this argument.

Since a partition sale results in the conversion of real estate into money, possibly against the will of an owner, it should not be ordered unless the necessity for it is clearly established. *White v. Tillotson*, 256 Wis. 574, 578 (1950). The burden of proof to establish the necessity for a partition by sale, rather than a partition in kind, is on the party alleging the necessity and advisability of such sale. *Carden v. Vanderlice*, 336 So. 2d 1082, 1082 (Ala. 1976); *Butte Creek Island Ranch v. Crim*, 136 Cal. App. 3d 360, 366 (3d Dist. 1982); *Borzenski v. Estate of Stakum*, 195 Conn. 368, 372, (1985); *McKenzie Banking Co. v. Couch*, 332 S.W.3d 349, 351 (Tenn. Ct. App. 2010). Under 15 GCA § 2917, "[t]he Superior Court may direct the personal representative to sell any property which cannot be partitioned without great prejudice to the owners which cannot conveniently be allotted to any one party." Great prejudice to the owners would result if the fair market values of the parcels resulting from the division would be materially less than the value of the property if it were sold as a whole. *Butte Creek*, 136 Cal. App. 3d at 367 (Ct. App. 1982).

The Executor has shown necessity based on the deterioration of the heirs' relationship and constant opposition to one another throughout this case. If the property was partitioned in kind with the final distribution of the estate, the heirs would have to manage the property together. It is clear that the relationships between the heirs would make this impracticable and could greatly affect the value of the property. Therefore, the Court **GRANTS** the Petition for Confirmation of Sale of Estate Property.

//

//

//

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the Petition for Confirmation of Sale of Estate Property.

SO ORDERED, this ___15___ day of ___August___ 2023.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam